DECISION AND JUDGMENT ENTRY
Appellant, Rhonda Barner, appeals her Bowling Green Municipal Court conviction for operating a motor vehicle while under the influence of alcohol. After the trial court denied appellant's motion to suppress the results of her field sobriety and breath tests, appellant pled no contest and was found guilty of the driving under the influence charge. On appeal she contests the propriety of the trial court's denial of her suppression motion.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
Probable cause is required to effect an arrest. Probable cause exists when circumstances would warrant a prudent person to believe that a suspect has committed an offense. State v. Tibbets (2001),92 Ohio St.3d 146, 153. However, in order to conduct field sobriety tests, all that is required is reasonable articulable suspicion of criminal activity. State v. Sanders (1998), 130 Ohio App.3d 789, 794. Reasonable suspicion is "* * * something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause." State v. Shepard (1997),122 Ohio App.3d 358, 364.
Appellant was stopped for speeding at 2:30 a.m. on a Sunday morning. When the officer approached her vehicle he detected a mild order of an alcoholic beverage coming from appellant or her passenger. He asked appellant to blow into a portable breath testing device. The device registered the presence of alcohol even though appellant told the officer that she was the designated driver. The officer then had appellant perform a series of field sobriety tests upon which she performed poorly. Following this, the officer placed appellant in his police cruiser, at which point he noted a strong order of an alcoholic beverage and further observed that appellant had blood shot and glassy eyes. Appellant then admitted to consuming "three or four" beers. After her arrest, appellant registered a .152 on her breath test.
The initial stop of appellant's car was proper. She was speeding. No one contests this. Beyond that, the officer was able to articulate conditions warranting reasonable suspicion at each subsequent step of his investigation, which, in turn, justified the next step. Consequently, the trial court correctly refused to suppress the evidence collected from this stop. Accordingly, appellant's sole assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Bowling Green Municipal Court is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, J., JUDGES CONCUR.